HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK OLLA,

Plaintiff,

v.

ROBERT H. WAGNER, et al.,

Defendants.

CASE NO. C14-5220 RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

[DK. #1]

THIS MATTER is before the Court on pro se Plaintiff Olla's Motion for leave to proceed *in forma pauperis*. [Dkt/ #1]

Olla's proposed complaint asserts a variety of claims against a variety of defendants. The case involves three loans totaling $2.1 million, made by the Wagner Defendants (Mr. and Mrs., and their Trust) to Olla. The loans were for the purpose of Olla's purchase of real property in Indianola, Washington. The facts are not entirely clear, despite the complaints 80 page length, but it appears that the loans were secured by Olla's Malibu, California home (which was for sale for $5.45 million) and the Indianola home. Olla apparently fell into default and ultimately executed deeds in lieu of foreclosure on *both* properties to the Wagner Defendants.

Olla now seeks to rescind the loans and to recover compensatory and punitive damages from the Wagners, their Washington attorney (Defendant Anderson), and a former Kitsap County Judge (Defendant Hartman). He also asserts claims under the Truth In Lending Act (TILA) and the HOEPA, for quiet title, fraud, breach of fiduciary duty, emotional distress, and declaratory relief.

Olla's claims against Hartman arise from a prior litigation in Kitsap County Superior Court over which Hartman presided. Olla claims that that proceeding was fraudulent and that it resulted in a $2 million judgment in Wagner's favor, against Olla. There is also reference to a prior litigation among or between some of the same parties and some of the same subject matter in Los Angeles.

Olla claims that at the time of the loans he was making $40,000 per month, but that he is now indigent, due to the Defendants' conduct.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

At least some of the claims asserted in Plaintiff's complaint are facially frivolous: he cannot sue a state court judge in this court in an effort to undo a judgment rendered there. This Court cannot and does not review the actions of other trial courts; adverse rulings and judgments may be appealed to the correct appellate court.

The existence of prior litigation and judgment(s) also raises the possibility that these claims are barred by issue or claim preclusion. It is also not clear that this Court has jurisdiction over the California Defendants, or that it could quiet title on Malibu California real property in any event.

For these reasons, the Motion for Leave to Proceed IFP is DENIED without prejudice. Plaintiff should file an amended proposed complaint—shorter, clearer—that addresses these issues within 15 days of this ORDER, or pay the filing fee. If he does neither, this matter will be DISMISSED.

IT IS SO ORDERED.

Dated this 19th day of March, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE