HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK OLLA,

    Plaintiff,

v.

ROBERT H WAGNER, et al.,

    Defendants.

CASE NO. C14-5220 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff Mark Olla's amended complaint and application for leave to proceed in forma pauperis. His first attempt was denied because his complaint revealed that this was at least the third case he had filed arising from the money he borrowed from the Wagner Defendants, and he was seeking to rescind deals that had already been settled and twice litigated. He also sought to sue the Judge involved in the Washington iteration of the prior litigation—a claim he continues to assert in his proposed amended complaint. *See* Dkt #2 (prior Order) and Dkt. # 3 (Proposed Amended Complaint).

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

  Plaintiff cannot meet this standard.  He has already litigated these claims, or ones just like them, twice.  He first sued in Washington, where he lost, appealed, lost, and failed to convince the Washington Supreme Court to accept review, *see Olla v. Wagner*, 163 Wash.App. 1028 (Div. 2 2011) (2011 WL 4062244).  He then tried again in California, where he lost, appealed, and lost again—largely because the claims had already been litigated.  *See Olla v. Wagner* 2014 WL 462295 (Feb 5, 2014).

  The only claims that even arguably did not arise out of the same transaction are those against Judge Hartman, who presided over the first Washington case.  To the extent Plaintiff asks this Court to review a decision of the state court, this Court has no jurisdiction to do so.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).  A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

1     The Plaintiff's Motion for leave to proceed *in forma pauperis* is DENIED. If he wishes

2 to proceed, he must pay the filing fee within ten days. But the Plaintiff is cautioned that the

3 claims he has asserted are not viable and may be subject to dismissal on the Court's own Motion.

4 IT IS SO ORDERED.

5     Dated this 11th day of April, 2014.

                                            */s/ Ronald B. Leighton*
                                            RONALD B. LEIGHTON
                                            UNITED STATES DISTRICT JUDGE